**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SONYA HAIRSTON-THOMAS ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 26-2575-BAH |
| CHANTEL LASCINA COOTE ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * *

## MEMORANDUM AND ORDER

Pending before the Court is the corrected motion to remand filed by Plaintiffs Sonya Hairston-Thomas, individually and as the personal representative of the Estate of Janay Anaya Thomas ("Janay"), and John Anthony Thomas (collectively, "Plaintiffs"). ECF 12. Defendants Western Express, Inc. ("Western") and Chantel Lascina Coote ("Coote") (collectively, "Defendants"), oppose the motion, ECF 17, and Plaintiffs replied, ECF 18. The Court has reviewed all relevant filings and finds that no hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, Plaintiff's corrected motion to remand is **DENIED.**

## I. BACKGROUND

### A. Factual History

Plaintiffs brought this survival action and claim for wrongful death in the Circuit Court of Baltimore County against Defendants Tyshay Lakisha Samuels (deceased) ("Samuels"), the Estate of Tyshay Lakisha Samuels, PNO Equipment Services ("PNO"), Western, and Coote. *See* ECF 3, at 5–10 ¶¶ 15–33. Plaintiffs allege that Defendants breached the duty of ordinary care owed to their daughter, Janay, when she was fatally injured after the vehicle driven by Samuels (in which Janay was a passenger) collided with a Western-owned tractor-trailer operated by Coote. *See id.* at 2–4 ¶¶ 1–13.

Specifically, Plaintiffs contend that on or about February 4, 2023, at approximately 2:30 a.m., Janay was the front seat passenger in a car driven by Samuels, northbound on I-83 in Timonium, Baltimore County, Maryland. *Id.* at 3 ¶ 7. Around the same time, Coote had been operating a tractor-trailer on the same stretch of northbound I-83 as part of her employment with Defendant Western. *Id.* at 3–4 ¶¶ 8–9. Prior to the accident, a mechanical defect occurred, causing Coote to "abandon[ the] trailer on the right shoulder of northbound I-83" and leave the scene without "adequately mark[ing] the abandoned trailer so that [it] was visible to northbound motorists on I-83." *Id.* ¶¶ 8–9, 11. Plaintiffs assert that Defendant Samuels was driving at an excessive speed while under the influence of alcohol, causing her car to swerve out of the right lane and collide with the back of the tractor-trailer abandoned by Defendant Coote. *Id.* at 4 ¶ 12. As a result of the collision, Janay suffered fatal injuries and was pronounced dead at the scene. *Id.* ¶ 13.

**B. Procedural History**

Plaintiffs filed this suit on February 2, 2026, in state court. *See* ECF 1-7, at 1. Defendants allege that the summonses expired on April 2, 2026.[1] *Id.* at 4. On April 12, 2026, current defense counsel wrote to Plaintiffs' prior counsel to communicate that they had been retained to handle Western's defense and to direct all future correspondence to them.[2] *See* ECF 12-2, at 2. On May 18, 2026, Plaintiffs' current counsel emailed a copy of the complaint to defense counsel, writing "[p]er my telephone message of this A.M., please find attached the suitpapers," and attached a document labelled "Complaint (date-stamped).pdf." *See* ECF 12-3. On May 19, 2026, Plaintiffs filed requests to reissue summonses to defendants, pursuant to

[1] This is an assertion made in Defendants' response in opposition, ECF 17, without direct supporting evidence. Pursuant to Maryland Rule 2-113, a civil circuit court summons must be served within sixty (60) days of issuance. Since this case was filed on February 2, 2026, it follows that the summonses expired, if not yet served, on April 3, not April 2, 2026.

[2] Defendants Western and Coote are represented by the same counsel. There is an identity of interest between Defendants Coote and Western. *See* ECF 12-1, at 2.

Maryland Rule 2-113. ECF 17-1. Defendant Coote was served on May 27, 2026, ECF 1-9, and Defendant Western was served on May 28, 2026, ECF 1-10. On June 23, 2026, Plaintiffs voluntarily dismissed Defendant Samuels and her Estate.[3] *See* ECF 8-11. On June 26, 2026, Defendants removed the case from state court to this Court. *See* ECF 1.

Defendants allege they were entitled to remove the case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *Id.* at 1. Defendants assert that there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000.00. *Id.* at 3. Plaintiffs are citizens of Maryland. *Id.* Defendant Western is incorporated and has its principal place of business in Tennessee, and Defendant Coote is a citizen of Connecticut. *Id.* Defendants Samuels, her Estate, and PNO, are no longer parties to the suit.[4] *See* ECFs 8-11 and 13. All served defendants consented to the removal. *See* ECF 17, at 2.

On July 19, 2026, Plaintiffs filed the corrected motion to remand to state court pursuant to 28 U.S.C. § 1446.[5] *See* ECF 12. Plaintiffs' memorandum in support of the motion first

---

[3] Defendants clarified in the notice of removal that Samuels is deceased and therefore does not have a capacity to be sued, and the Estate of Samuels is not a registered estate in Maryland. *See* ECF 1, at 2 ¶ 8.

[4] "The Court's diversity jurisdiction is typically evaluated at the time of removal." *Trundle's Heise Springs, LLC v. Tex. E. Transmission, LP*, Civ. No. JKB-26-0983, --- F. Supp. 3d ---, 2026 WL 3071732, at *1 (D. Md. Oct. 14, 2026) (citing *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988)). At the time of removal, there was complete diversity between parties. *See* ECF 1, at 1–2. Defendants Samuels and her Estate were never legal parties with the capacity to be sued, so they did not contribute to diversity. *See supra* note 3. In the notice of removal, Defendants clarified that PNO is not itself a legal entity, but a misnomer for PNC Bank, N.A., of Delaware and Pennsylvania. *Id.* at 2. Defendant PNO's diversity was not contested, and the party was voluntarily dismissed by Plaintiffs on July 19, 2026, in this Court. *See* ECFs 9 and 13.

[5] Plaintiffs cite no caselaw in their memorandum in support of the corrected motion to remand. *See* ECF 12-1. Their reply raises several arguments that are difficult to follow and generally fail to meaningfully address the dispositive issues before the Court. *See* ECF 18, at 1 ("Defendants ignore the plain meaning of the Local Rules, and do not answer the question that if litigants do not follow the rules, what is the purpose of the rules at all."); *id.* at 2 (arguing that service of a complaint via email to counsel is proper because "it is axiomatic that attorneys are agents of their clients in Federal Court"); *id.* (attempting to distinguish binding Supreme Court precedent *Murphy Bros.* because "*Murphy Bros.* relied heavily on legislative history to

argues that Defendants failed to file the state court docket sheet alongside the notice of removal, in violation of Local Rule 103.5(a). *See* ECF 12-1, at 2. Plaintiffs also identify that Defendants failed to attach the notice of dismissal of Defendants Samuels and the Estate of Samuels, about which they knew, according to a footnote in the notice of removal. *Id.*

More substantively, Plaintiffs argue that Defendants' counsel received a copy of the complaint more than thirty days before the notice of removal was filed. *Id.* Citing 28 U.S.C. § 1446(b)(1), which states "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise," Plaintiffs assert that a copy of the complaint was sent to defense counsel via email on May 18, 2026, more than thirty days before the notice of removal was filed on June 26. *Id.* at 3. Therefore, Plaintiffs contend, the notice of removal must have been filed no later than June 17, 2026, to be procedurally proper. *Id.*

On August 11, 2026, Defendants filed a response in opposition to Plaintiffs' corrected motion to remand to state court. *See* ECF 17. First, Defendants acknowledge that they mistakenly failed to include the state court docket sheet with the notice of removal, and have since remedied the mistake, citing ECF 14, filed on July 21, 2026. *Id.* at 2. Defendants contend that no party suffered prejudice because of the mistake and the Court's subject matter jurisdiction in this case was unaffected. *Id.* Second, Defendants maintain that they promptly filed the notice of dismissal of Defendants Samuels and her Estate. *Id.* Defendants explain that the dismissal was not served on them until they gained access to MDEC after filing their answer on June 26, 2026, and had their appearance entered by the clerk. *Id.* at 3–4. Therefore, Defendants assert, the notice of dismissal could not have been filed contemporaneously with

---

discern the meaning of 28 U.S.C. 1446 (b)" and asserting that "[a] majority of the current Court would not do that").

removal, nor does Local Rule 103.5 require it to be filed contemporaneously with removal. *Id.* at 4.

Regarding the 28 U.S.C. § 1446(b)(1) violation alleged by Plaintiffs, Defendants note that Plaintiffs failed to cite caselaw to support the proposition that an email to defense counsel containing a copy of the complaint constitutes "service or otherwise." *Id.* Defendants argue that the term "otherwise," as used in § 1446(b)(1), applies only when a pleading is received after service of process, in which case the time for removal begins on the date the pleading is received. *Id.* Hence, emailing a copy of the complaint to defense counsel on May 18, 2026, did not constitute service of process. *Id.* Further, Defendants contend that Plaintiffs failed to provide a valid summons to defense counsel, as the summonses expired on April 2, 2026, before the copy of the complaint was sent via email.[6] *Id.* Defendants conclude the period of removal did not begin on May 18, 2026, since the email simply included a courtesy copy of the complaint and counsel had not yet been served with summonses. *Id.*

Finally, Defendants contend that since Defendants Coote and Western were formally served on May 27 and May 28, 2026, respectively, removal on June 26, 2026, took place within thirty (30) days of service. *Id.* at 5. Defendants further argue that under 28 U.S.C. § 1446(b)(3), the removal clock began to run on June 23, 2026, when Samuels and the Estate of Samuels were dismissed by Plaintiffs. *Id.* On these grounds, Defendants request that this Court deny Plaintiffs' corrected motion to remand to state court. *Id.*

On August 24, 2026, Plaintiffs filed the reply. *See* ECF 18. Plaintiffs argue that attorneys are agents of their clients in federal court, so defense counsel was authorized to be served with the copy of the complaint via email as an agent for Defendants. *Id.* at 2. Further, since Defendants filed their answer in state court, Defendants submitted themselves to the personal jurisdiction of the state court before seeking removal. *Id.* Plaintiffs allege that this

---

[6] *See supra* note 1.

case is factually and logically distinguishable from the case upon which Defendants rely in their response. *Id.* at 2–3. Plaintiffs reject the proposition that the dismissal of Samuels and her Estate factor into the timeliness of Defendants' removal. *Id.* at 4. Finally, Plaintiffs assert that the plain meaning of Local Rule 103.5 should govern (and compel remand). *Id.* Now before the Court is Plaintiffs' corrected motion to remand to state court.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court must have subject-matter jurisdiction either based on diversity of citizenship or a federal question. 28 U.S.C. §§ 1331, 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000.00. 28 U.S.C. § 1332(a)(1). "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

## III. ANALYSIS

### A. The Removal Period Ran from the Service of Summonses on May 27 and May 28, 2026, not the May 18 Email.

A notice of removal must be filed within thirty (30) days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief.[7] 28 U.S.C. § 1446(b)(1). A named defendant's period of removal is prompted by simultaneous service of the summons and complaint, "or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the

[7] Subject to certain limitations, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (finding that faxing an unofficial "courtesy copy" of the file-stamped complaint to a company vice president did not trigger the commencement of the removal period because it did not constitute service of process). A party only becomes an official party to a suit upon service of summons, unless a named defendant agrees to waive service. *Id.* at 350. If a "complaint is filed in court prior to any service, the removal period runs from the service of the summons." *Id.* at 354.

The Maryland rules set out three specific methods for service of process: (1) delivering the summons, complaint, and other filings in person; (2) delivering the summons, complaint, and other filings to the individual's dwelling house or usual abode with a resident of suitable age and discretion; and (3) mailing the summons, complaint, and other filings by certified mail with restricted delivery. Md. R. 2-101(a). Email delivery may constitute valid service only when all other methods of service have failed. *See Mullen v. Thomas*, Civ. No. 679, 2025 WL 1165289, at *7 (Md. App. Apr. 22, 2025) (finding email constitutes a "proper method of alternative service where conventional methods have failed and the plaintiff shows that email is reasonably calculated to give the defendant notice" under Rule 2-121); *cf. Md. Dep't of Health v. Myers*, 310 A.3d 1200, 1228 (Md. App. 2024) (interpreting Maryland Rule 2-121 narrowly and concluding that service by Maryland Electronic Courts ("MDEC") and first-class mail is not included in the rule as a method of proper service); *see also Godson v. John Hopkins Medicine*, Civ. No. 23-3824, 2024 WL 2208196, at *3 (D.D.C. May 15, 2024) (concluding that email is not "an authorized method of service" under the federal rules nor D.C. rules); *Kirkpatrick v. Meeker Cnty. Bd. of Comm'rs*, Civ. No. A19-607, 2020 WL 132536, at * 3 (Minn. Ct. App. Jan. 13, 2020) (holding that email does not constitute personal service of process in Minnesota unless a party waives service or consents to the alternative); Maryland Electronic Courts, *How to Serve Documents Electronically* (Sept. 18, 2024),

https://www.mdcourts.gov/sites/default/files/import/mdec/pdfs/howtoelectronicallyserve.pdf ("[Plaintiffs] cannot use electronic service for initial service.").

In this case, Plaintiffs' May 18, 2026, email does not constitute proper service under Maryland Rule 2-121. Plaintiffs contend that when Plaintiffs' counsel emailed Defendants' counsel a copy of the complaint on May 18, 2026, the period during which Defendants could remove the case commenced. *See* ECF 12-1, at 3. Under *Mullen*, Plaintiffs must have exhausted all other conventional methods of service under Rule 121-1(c) and moved the Court for permission to effectuate service by electronic means. *See Mullen*, 2025 WL 1165289, at *7–8. Plaintiffs did neither. Courts interpreting similar statutory provisions have required a showing that conventional methods of service were unsuccessful before allowing service by email. *Godson*, 2024 WL 2208196, at *3; *Kirkpatrick*, 2020 WL 132536, at *3. Further, in *Myers*, the Appellate Court of Maryland read Maryland Rule 2-121(a) narrowly and found that service through MDEC and first-class mail was not valid because it was not written into the statute. *Myers*, 310 A.3d at 1228. Under this narrow interpretation, the rule's failure to mention email as a method of proper service suggests that Plaintiffs' May 18, 2026, email does not qualify as valid service of process in Maryland.

For this reason, proper service was completed on May 27, and May 28, 2026.[8] While Plaintiffs assert that their May 18, 2026, email falls under the "or otherwise" language of 28 U.S.C. § 1446(b)(1), *Murphy Bros.* clarifies that "mere receipt of the complaint unattended by any formal service" does not constitute valid service. *Murphy Bros.*, 526 U.S. at 348. On May 18, 2026, the summonses had been expired since April 3, 2026, and Plaintiffs only filed to reissue them *after* emailing a copy of the complaint to defense counsel.[9] *See* ECF 17-1; ECF

---

[8] Plaintiffs concede this point in their motion. *See* ECF 12-1, at 2 ("Service was accomplished on Ms. Coote on May 27, 2026. . . . Service was accomplished on Western Express, Inc. on May 28, 2026.").

[9] *See supra* note 1.

1-7, at 4. Under *Murphy Bros.*, Defendants Coote and Western were not official parties to the suit on May 18, 2026, because they had not been served summonses, nor had they agreed to waive service. *Murphy Bros.*, 526 U.S. at 350. Defendants were formally served with the reissued summonses via certified mail on May 27 and May 28, 2026. *See* ECF 1-9; ECF 1-10. According to *Murphy Bros.*, the removal period runs from the service of the summons, making May 27 and May 28, 2026, the dates at which the removal period began for each respective defendant. *See* ECF 1-9; ECF 1-10; *Murphy Bros.*, 526 U.S. at 354.

Plaintiffs attempt to distinguish the facts of *Murphy Bros.* from this case. *See* ECF 18, at 2. Plaintiffs argue that unlike *Murphy Bros.*, where the complaint was faxed to a vice president at the company, Plaintiffs emailed the complaint to defense counsel, who had represented Defendants for years and acted as an agent for Defendants in federal court.[10] *See id.*; *Murphy Bros.*, 526 U.S. at 348. While Plaintiffs attempt to find difference between an officer of a company and a party's attorney, *Murphy Bros.* does not rest on the mere title of the person who received the "courtesy copy" of the complaint. *See Murphy Bros.*, 526 U.S. at 348. *Murphy Bros.* unequivocally held that formal service (or a valid waiver) is required regardless of who receives a courtesy copy of the complaint. *See, e.g.*, *Savitamagan, LLC v. Seneca Ins. Co., Inc.*, No. 1:16CV328, 2016 WL 4186999, at *2 (M.D.N.C. Aug. 8, 2016) (finding that removal was proper even when it occurred more than thirty (30) days after counsel for the defendants received a copy via email); *Trademark Remodeling, Inc. v. Rhines*, 853 F. Supp. 2d 532, 539 (D. Md. 2012) (relying on *Murphy Bros.* to hold that "unless it waived any objection

---

[10] The Fourth Circuit has held that "service on a statutory agent is not service on the defendant within the meaning of § 1446(b)" because it does not "guarantee that the defendant is provided with actual notice of the complaint or adequate time to decide whether to remove a case." *Elliot v. Am. States Ins. Co.*, 883 F.3d 384, 392, 394 (4th Cir. 2018). To satisfy § 1446(b) and trigger the thirty (30) day removal period, the defendants must receive both the complaint and the summons. *Id.* Therefore, even if Defendants' counsel constituted a statutory agent, Plaintiffs' May 18, 2026, email did not trigger the removal period under *Elliot*. *Id.*

for insufficiency of service of process,' [a defendant] must have been properly served for the thirty-day removal period to begin").

Further, Plaintiffs argue that trial courts often make exceptions to exercise power over defendants who have not been served with process. ECF 18, at 2–3. Plaintiffs analogize temporary restraining orders under Federal Rule of Civil Procedure 65(b) and the subsequent "serious deprivation of rights without prior notice" to the May 18, 2026, email to defense counsel, asserting that this case contained no similar deprivation of rights because Defendants had plenty of time to act on the complaint after their attorney received it. *Id.* This analogy fails to meaningfully explain why the Court should remand this case on any legal basis.

Plaintiffs also allege that the current Supreme Court majority would not likely "follow" *Murphy Bros.* because its holding relied on legislative history to define 28 U.S.C. § 1446(b), but the current majority is now comprised of at least five justices that, Plaintiffs claim, "are commonly considered [to be t]extualists." *Id.* at 3. Despite failing to cite to caselaw that indicates why or how the current Supreme Court majority Plaintiffs reference may formulate a "textualist" opinion that does not follow *Murphy Bros.*, Plaintiffs' argument suffers from a more basic deficiency. Namely, even if Plaintiffs had explained how the current high court might decide *Murphy Bros.* differently, this Court still cannot overrule the Supreme Court. *See Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of th[e Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [lower federal courts] should follow the case which directly controls, leaving to th[e Supreme] Court the prerogative of overruling its own decisions."). Because the Court is bound by precedent—even if counsel speculates the current Supreme Court might decide the case differently—Plaintiffs' attempts to distinguish *Murphy Bros.* and limit its applicability are unpersuasive.

Defendants further (and alternatively contend that the case became removable on June 23, 2026, after the dismissal of Samuels and her Estate. *See* ECF 17, at 5. For the reasons noted above, the removal clock began to run upon completion of service of process. However, even if Defendants were correct that the case became removable once Samuels and her Estate were dismissed, removal was unquestionably timely under 28 U.S.C. § 1446(b)(3) as the notice of removal was filed just three days later. Accordingly, removal was proper and timely under the statute.

**B. Defendants' Submission to the Personal Jurisdiction of the State Court is Irrelevant to Whether Removal to This Court was Proper.**

Plaintiffs assert that because Defendants filed their answer in state court, they submitted themselves to the personal jurisdiction of the state court before seeking removal. *See* ECF 18, at 2. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). Answering in state court before removal is not waiver, even when the answer is a general denial or contains affirmative defenses. *See Haak Motors LLC v. Arangio*, 670 F. Supp. 2d 430, 433 (D. Md. 2009) (denying plaintiffs' motion to remand in part because defendants' substantial defensive action in state court did not constitute waiver); *see also* Fed. R. Civ. P. 81(c) (acknowledging that removal can occur after an answer is filed in state court). Thus, Defendants did not waive their right to removal simply by answering the suit in state court.[11]

---

[11] Plaintiffs employ *Reece v. Wal-mart Stores, Inc.*, 98 F.3d 839 (5th Cir. 1996), and *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1994), to support the claim that the removal period begins with the receipt of a courtesy copy the initial pleading, after which the defendant must decide whether they want to proceed in state or federal court. *See* ECF 18, at 2. Neither case supports Plaintiffs' personal jurisdiction argument, and both cases were subsequently overturned by *Murphy Bros. See Murphy Bros.*, 526 U.S. at 349 n.2 (noting that the circuit split created by *Reece*, *Roe*, and cases holding to the contrary prompted the Supreme Court to take up the question of whether the removal period begins to run with formal service of process or with the delivery of a pre-service courtesy copy); *id.* at 355 (explicitly rejecting the reasoning of

**C. Failure to Strictly Comply with the Requirements of Local Rule 103.5 Does Not Affect the Validity of Removal.**

Local Rule 103.5 governs removal procedures for cases removed from state court. Loc. R. 103.5. Subsection (a) requires that the party effecting removal file "true and legible copies of process, pleadings, documents, and orders which have been served upon that party, along with a copy of the current state court docket sheet," along with the notice of removal. Loc. R. 103.5(a). The removing party must also file copies of all other documents already filed in the state court within thirty (30) days of the initial date of removal, along with a certification that all filings have been submitted to the U.S. District Court. *Id.* However, "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect[.]" *See Barber v. Montgomery Cnty. Gov't*, Civ. No. FPS-17-1948, 2018 WL 529485, at *4 (D. Md. Jan. 24, 2018) (quoting *Cook v. Randolph Cnty.*, 573 F.3d 1143, 1150 (11th Cir. 2009)) (finding the defendants' failure to attach all state court documents a procedural, not jurisdictional, error, not warranting remand). After any such procedural defect is cured, the failure to attach the state court documents is moot. *Johnson v. Xerox Educ. Sols. LLC*, Civ. No. GJH-14-15422, 2014 WL 5361302, at *6 (D. Md. Oct. 20, 2014) (concluding the procedural defect of failing to attach state court documents was moot after documents were filed within time permitted by Local Rule 103.5).

Plaintiffs contend that Defendants' failure to file the state court docket sheet with the notice of removal constitutes a substantive defect in their removal. *See* ECF 12-1, at 2. Plaintiffs also assert that Defendants did not file the notice of dismissal of Defendants Samuels and her Estate in a timely manner. *Id.* Defendants cured their failure to file the state court docket sheet on July 21, 2026, effectively mooting this issue. *See* ECF 14; *Johnson*, 2014 WL 5361302, at *6. Further, Defendants filed the notice of dismissal of Defendants Samuels and

---

these cases). Whether a state court may have personal jurisdiction over a defendant has no bearing on whether removal to federal court is proper.

her Estate with the Local Rule 103.5 Certificate on July 17, 2026, within thirty (30) days of removal. *See* ECF 8-11. Plaintiffs' assertion that the dismissal was untimely filed is incorrect, and the failure to attach the state court docket sheet was cured in a timely manner by Defendants. As such, Local Rule 103.5 does not mandate remand in this case.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is, this 23rd day of November, 2026, by the United States District Court of the District of Maryland, hereby **ORDERED** that Plaintiffs' corrected motion to remand, ECF 12, is **DENIED**. The Court will separately enter a scheduling order and discovery order to govern this case.

/s/
Brendan A. Hurson
United States District Judge